UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ALEXANDER HARRIS, #1189487,

        Petitioner,

v.                                      ACTION NO.  2:19cv387

HAROLD CLARKE,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    This matter is before the Court on Alexander Harris's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the motion to dismiss filed by respondent Harold Clarke, Director of the Virginia Department of Corrections ("respondent").  This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 13, be **GRANTED**, and the amended petition for a writ of habeas corpus, ECF No. 7, be **DENIED** and **DISMISSED WITH PREJUDICE**.

                **I.**       **STATEMENT OF THE CASE**

    Petitioner Alexander Harris ("Harris"), a Virginia inmate, submitted an amended *pro se* petition pursuant to 28 U.S.C. § 2254 alleging his federal rights were violated when he was convicted in the Circuit Court for the County of Mecklenburg of two counts of forcible rape and one count of aggravated sexual battery.  ECF No. 7 at 1.  As a result of the convictions, Harris was sentenced to 120 years of incarceration with 70 years suspended on November 5, 2010.  *Id.*

Harris appealed his conviction to the Court of Appeals of Virginia, which refused his appeal on May 11, 2011. *Commonwealth v. Harris*, No. 2411-10-2 (Va. App. May 11, 2011). The Supreme Court of Virginia refused Harris's petition for appeal on September 30, 2011. *Commonwealth v. Harris*, No. 111084 (Va. Sept. 30, 2011).

Harris executed a petition for a writ of habeas corpus on August 14, 2012, which was filed in the Supreme Court of Virginia on August 17, 2012, and was dismissed on March 19, 2013. *Harris v. Dir., Dep't of Corr.*, No. 121412 (Va. Mar. 19, 2013).

On April 11, 2014, Harris filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, which was dismissed on July 3, 2014, due to Harris's failure to pay his filing fee, request to proceed *in forma pauperis*, or provide the information necessary to proceed with his petition by completing the appropriate form. *Harris v. Dir. of the Va. Dep't of Corr.*, No. 2:14cv145 (E.D. Va. July 3, 2014).

Over three years later, on August 28, 2017, Harris filed a motion to vacate void judgment in the Circuit Court for Mecklenburg County. *Harris v. Commonwealth*, No. CL17-681 (Va. Cir. Aug. 28, 2017). The circuit court dismissed the motion with prejudice on June 11, 2018, finding: (1) the allegations were defaulted under the rule in *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974); (2) the motion was untimely under Virginia Code § 8.01-654(A)(2) and an abuse of the writ under Virginia Code § 8.01-654(B)(2); and (3) the motion was not reviewable under *Jones v. Commonwealth*, 795 S.E.2d 705 (Va. 2017). The Supreme Court of Virginia denied Harris's petition for appeal of the decision on June 21, 2019, and denied his petition for rehearing as untimely on November 21, 2019. *Harris v. Commonwealth*, No. 181187 (Va.).

On July 11, 2019, Harris executed a document titled "Notice of Removal," which was filed in this Court on July 23, 2019, and construed as a petition for a writ of habeas corpus pursuant to

2

28 U.S.C. § 2254.  ECF Nos. 1, 4.  In his amended petition, filed October 15, 2019, Harris asserts he is entitled to relief on the following three grounds:  (1) he was denied his right to a jury trial; (2) he was denied effective assistance of counsel due to counsel's failure to adequately explain his right to a jury trial or object to the waiver of a jury trial; and (3) he was denied effective assistance of counsel due to counsel's failure to argue on appeal that Harris was denied his right to a jury trial.  ECF No. 7 at 16, 22–24.  On January 8, 2020, respondent filed a Rule 5 answer and motion to dismiss with a memorandum in support.  ECF Nos. 13–15.  Harris filed a response to the motion on February 28, 2020.  ECF No. 20.

## II.   ANALYSIS

**A.   Harris's federal habeas petition is barred by the statute of limitations.**

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to federal habeas petitions brought by state prisoners:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A), (d)(2).

Harris's convictions became final on December 29, 2011, as he did not petition the United States Supreme Court for a writ of certiorari within 90 days of September 30, 2011.  Sup. Ct. R. 13(1); *Wall v. Kholi*, 562 U.S. 545, 548 (2011) (noting that a "conviction became final on direct review when [a habeas petitioner's] time expired for filing a petition for a writ of certiorari in this

Court"). Harris's one-year federal limitations period began to run on December 29, 2011, and, absent tolling, would have expired on December 29, 2012.

B.   **Statutory tolling applies, but does not extend Harris's limitations period to the date he filed his federal petition.**

Under Section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." While properly filing a petition for a writ of habeas corpus in state court tolls the federal limitations period, it does not restart the one-year period. *See Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007).

Harris executed his state habeas petition on August 14, 2012, after 229 days of his federal limitations period had run under section 2244(d)(1)(A). *Harris v. Dir., Dep't of Corr.*, No. 121412 (Va. Mar. 19, 2013). The Supreme Court of Virginia dismissed his petition on March 19, 2013, and the 136 days remaining in his federal limitations period began to run. Therefore, Harris's federal limitations period expired on August 2, 2013, over eight months prior to his conditionally filing his first federal habeas petition in this Court on April 11, 2014, and almost six years before executing his current federal petition on July 11, 2019. Accordingly, while statutory tolling does apply to Harris's federal limitations period, his petition was not timely filed.

C.   **Harris is not entitled to equitable tolling.**

Harris asserts he is entitled to equitable tolling under the holding in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). ECF No. 7 at 10, 14. The rule excusing the procedural default of ineffective assistance of trial counsel claims created by *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), does not create a basis for equitably tolling the federal habeas limitations period. *See Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) ("[T]he *Martinez* rule explicitly relates to excusing a procedural

4

default of ineffective-trial-counsel claims and does not apply to [the] statute of limitations [in § 2244(d)] or the tolling of that period."); *Proctor v. Dir., Dep't of Corr.*, No. 7:11cv00202, 2018 WL 6571215, at *3 (W.D. Va. Dec. 13, 2018) (finding *Martinez* created no basis for tolling the federal habeas limitations period); *Wilson v. Perry*, No. 1:14cv576, 2014 WL 4685405, at *1 (M.D.N.C. Sept. 19, 2014) (collecting cases agreeing with *Thomas*).

AEDPA's statute of limitations provision is, however, subject to equitable tolling. With equitable tolling, petitioners bear the burden of demonstrating that (1) they pursued their rights diligently, and (2) some "extraordinary circumstance" stood in their way that prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Harris asserts that the "procedural history of his court filings in his case and the evidence presented to this Court establishes and proves that" he pursued his rights diligently. ECF No. 7 at 14. A review of Harris's filings does not support such a finding. Harris was aware of the factual basis for his current claims—the denial of his constitutional right to a jury trial—at the time of his trial. Harris argues his trial counsel, who also represented him on appeal, provided ineffective assistance in failing to raise this claim at trial or on direct appeal. ECF No. 7 at 16, 23–24. Harris, however, filed a *pro se* petition for a writ of habeas corpus with the Supreme Court of Virginia alleging six grounds of ineffective assistance of counsel. *Harris v. Dir., Dep't of Corr.*, No. 121412 (Va. Aug. 17, 2012). In the state court petition, Harris did not assert the claims he now raises in his federal petition regarding the denial of his right to a jury trial and counsel's ineffectiveness for failing to raise this issue at trial or on appeal. *Id.* Harris then filed his first federal habeas petition, but failed to pay his fee, move for *in forma pauperis* status, or provide the information necessary to proceed with his petition by using the correct form. *Harris v. Dir. of the*

*Va. Dep't of Corr.*, No. 2:14cv145 (E.D. Va. July 3, 2014). The document Harris filed provided little information, and did not mention the denial of his right to a jury trial. *Id.*, ECF No. 1. Next, Harris waited over three years to raise his argument that he was denied his right to a jury trial, which he raised in a motion to vacate void judgment filed in the circuit court. *Harris v. Commonwealth*, No. CL17-681 (Va. Cir. Aug. 28, 2017). Thus, after his direct appeals were final on December 29, 2011, Harris waited over five years to raise the claim that he was denied his right to a jury trial. Harris offers no justification for waiting years to file his claim, and has failed to establish due diligence. *See Pace*, 544 U.S. at 418–19.

Harris asserts the extraordinary circumstances that prevented him from timely filing his petition were the "egregious lawyer conduct during his trial and direct appeal," his lack of counsel on collateral proceedings, his lack of understanding of the law, and his inability to get meaningful help with his filings. ECF No. 7 at 14, ECF No. 20 at 6–7. The fact that Harris did not have counsel to assist with filing his federal petition, and failed to understand the law, does not constitute an extraordinary circumstance. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"); *Simpkins v. Clarke*, No. 2:13-CV-610, 2014 WL 12521301, at *4 (E.D. Va. June 13, 2014) (finding petitioner's "*pro se* status, or his lack of adequate legal representation, does not excuse the filing of his untimely federal habeas petition"), *report and recommendation adopted,* No. 2:13-CV-610, 2014 WL 12521720 (E.D. Va. July 16, 2014).

Harris has not established "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Equitable tolling is not proper in this case.

In addition, Harris has not alleged that he is actually innocent of the underlying offense. *See* ECF Nos. 7, 20. Accordingly, the actual innocence exception does not apply to allow the Court to address his petition that is barred by the federal statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (recognizing that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to bring claims raised after the statute of limitations expired).

### III.   RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 13, be **GRANTED**, and the amended petition for a writ of habeas corpus, ECF No. 7, be **DENIED** and **DISMISSED WITH PREJUDICE**.

### IV.   REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
March 23, 2020

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

>Alexander Harris, #1189487
>Sussex II State Prison
>24427 Musselwhite Dr.
>Waverly, VA 23891

>Fernando Galindo, Clerk
>
>By _____
>  Deputy Clerk
>
>March 23, 2020